IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER T. PHILLIPS, #455668, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 25-cv-01968-JPG |
| ) | |
| SETH J. BELFORD, ) | |
| JOHN DOE 1, and ) | |
| JOHN DOE 2, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Peter T. Phillips, an inmate at St. Clair County Jail, filed a Complaint pursuant to 42 U.S.C. § 1983 against three employees of St. Clair County Sheriff's Office. (Doc. 1). Plaintiff alleges that Officer Seth Belford used excessive force during his arrest on December 6, 2024, while other officers used excessive force against him and denied him medical care for his injuries following an arrest and detention seven months later. Plaintiff seeks monetary relief. *Id*.

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen and dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*. The factual allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 5-6): Officer Seth Belford punched Plaintiff in the face while arresting him on December 6, 2024. *Id*. at 5. At the time, Plaintiff had his hands up. He suffered injuries to his face and eye(s). *Id*.

1

When he arrived at St. Clair County Jail, the nurse denied him entry into the Jail due to the severity of his injuries.  Plaintiff was taken to Memorial Hospital in Belleville, Illinois, where scans revealed multiple orbital fractures.  After learning this, the officer left him at the hospital.  *Id*. at 6.  Plaintiff was treated and released without being charged, booked, or photographed at the Jail.  *Id*.

Seven months later, Plaintiff was arrested while walking down the street in Swansea, Illinois.  During his arrest, an officer shot him three times with a taser.  When he arrived at the Jail, Plaintiff requested treatment for the injuries stemming from his arrests, and he continued to do so in the months that followed.  A sergeant told him that his old injuries would not be treated, and he was instead given Tylenol, ibuprofen, and antibiotics.  Plaintiff repeatedly complained that these medicines were ineffective, but he was offered no other treatment.  *Id*.

## Discussion

Based on the allegations summarized above, the Court designates the following claims in the *pro se* Complaint:

> **Count 1:**   Fourth Amendment claim against Sergeant Belford for using unreasonable force against Plaintiff by punching him in the face during his arrest on or around December 6, 2024.
>
> **Count 2:**   Fourth Amendment claim against one or more other officers for using unreasonable force against Plaintiff by shooting him three times with a taser during his arrest seven months later in 2025.
>
> **Count 3:**   Eighth and/or Fourteenth Amendment claim against several unidentified officers and/or staff for denying Plaintiff medical care for his arrest-related injuries while at St. Clair County Jail.

**Any other claim(s) mentioned in the Complaint but not addressed herein are dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

2

**Count 1**

The Fourth Amendment safeguards "[t]he right of the people to be secure in their persons" and prohibits unreasonable seizures. *See Torres v. Madrid*, 592 U.S. 306 (2021). The application of physical force to a person's body with the intent to restrain is a seizure, even if the force does not subdue the person. *Id*. Force applied during an arrest is considered "reasonable only when exercised in proportion to the threat posed, and as the threat changes, so too should the degree of force." *Snukis v. Taylor*, 145 F.4th 734, 741 (7th Cir. 2025). To be excessive, an officer must use greater force than necessary to subdue the plaintiff. *Id*.

The allegations articulate a Fourth Amendment claim against Officer Belford. Plaintiff alleges that this officer repeatedly punched him in the face and fractured his orbital bone(s) while the plaintiff offered no resistance to his arrest on or around December 6, 2024. Count 1 shall receive further review against this defendant.

**Counts 2 and 3**

Counts 2 and 3 shall be dismissed from this action because these claims do not implicate Officer Belford, Officer John Doe 1, or Officer John Doe 2. Plaintiff fails to name any defendant(s) in connection with Counts 2 and 3. When describing the events giving rise to both claims, Plaintiff mentions non-parties (*e.g.*, a sergeant and other officers). The title of the complaint "must name all the parties." *See* FED. R. CIV. P. 10(a). Plaintiff must also set forth a short and plain statement of his claim against each one. *See* FED. R. CIV. P. 8. Although he names Belford, Doe 1, and Doe 2 as parties, Plaintiff brings no allegations of wrongdoing against them in Counts 2 and 3. Merely invoking the names of potential defendants is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The three defendants cannot be said to have notice of which claims,

3

if any, are directed against them. FED. R. CIV. P. 8(a)(2). Accordingly, Counts 2 and 3 fail to state a claim for relief against the defendants.

Both claims against these non-parties are improperly joined herein. As alleged, Counts 2 and 3 involve a different group of defendants (an officer and a sergeant), setting (Swansea, Illinois and the Jail), and time (seven months later) than Count 1 involving Officer Belford during his arrest on December 6, 2024. Count 1 is the focus of this action. Counts 2 and 3 are subject to severance or dismissal for misjoinder.[2] *See* FED. R. CIV. P. 18-21. The Court will dismiss both claims without prejudice. If Plaintiff intends to pursue Counts 2 and/or 3 against non-parties, he may file a separate suit at any time before the 2-year statute of limitations on his claims expire. If he attempts to reinstate either claim in this case, the Court will sever any improperly joined claim or party, open a new case, and assess a filing fee for each new matter.

## Disposition

The Complaint (Doc. 1) survives screening as follows: **COUNT 1** will receive further review against Defendant **SETH BELFORD**, in his individual capacity. **Because this claim involves physical injuries that necessitated medical treatment, the Clerk's Office is DIRECTED to ENTER the standard HIPAA-Qualified Protective Order.**

**COUNTS 2** and **3** and **JOHN DOE 1** and **2** are **DISMISSED** without prejudice for failure to state a claim and/or improper joinder. If Plaintiff wishes to pursue Counts 2 and/or 3 further, he should file a separate suit. Plaintiff is warned that a filing fee will be assessed for each separate suit he files and will be subject to a "strike" for a dismissal under 28 U.S.C. § 1915(g). **The Clerk's Office is DIRECTED to SEND Plaintiff a blank civil rights complaint form and/or motion for leave to proceed *in forma pauperis* for this purpose.**

---

[2] This is in addition to dismissal for failure to state a claim against the defendants, as described in the preceding paragraph.

The Clerk of Court shall prepare for Defendant **SETH BELFORD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to the defendant's place of employment. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be kept in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendant need only respond to the issues stated in this Merits Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 1/7/2026**

                                                              **s/J. Phil Gilbert**
                                                              **J. PHIL GILBERT**
                                                              **United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more. When the defendant has filed an answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.